IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
U.S. District Court
District of Kansas

07/06/2026

**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

|  |  |  |
|---|---|---|
| KHASAN KURBANOV, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. 26-3159-JWL |
| | ) | |
| Warden, Midwest Regional Reception Center; | ) | |
| MARKWAYNE MULLIN, Secretary, | ) | |
| Department of Homeland Security; and | ) | |
| DAVID VENTURELLA, Acting Director, | ) | |
| Immigration and Customs Enforcement, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## **MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which he challenges his detention by immigration officials without a bond hearing.  For the reasons set forth below, the Court **grants the petition in part**.  Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **July 20, 2026**, and they are further ordered to provide notice to this Court when such relief has been given.  The Court denies any request for other relief.

According to the petition (which allegations respondents have not disputed), petitioner is a native of Uzbekistan; he entered the United States without inspection in 2023, at which time he was released pending removal proceedings; he was detained by immigration officials on November 6, 2025; in April 2026, he filed an appeal with the

Board of Immigration Appeals (BIA) from a removal order in which his applications for relief were denied, which appeal remains pending; and he is in custody in this judicial district. On June 1, 2026, petitioner filed the instant habeas petition, in which he requests a custody status review because his detention has become prolonged, and in which he claims that his continued detention without meaningful review violates due process.

To obtain habeas corpus relief, petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 516-17 (2003). Respondents have not argued that this Court lacks jurisdiction to consider the petition.

Respondents argue that petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Respondents concede, however, that petitioner was not recently detained as an alien newly arriving in the United States, but that he had been present in the United States for a period of years when he was detained. In similar cases, this Court has rejected the Government's statutory interpretation and held that, in the absence of a final removal order, such an alien may be detained only pursuant to 8 U.S.C. § 1226(a), which provides for discretionary release on bond, and the Court has ordered relief in the form of a bond hearing under Section 1226(a). *See, e.g.*, *Galdamez Orellana v. Welsh*, 2026 WL 710121 (D. Kan. Mar. 13, 2026) (Lungstrum, J.). The Tenth Circuit has also recently rejected the Government's position on this issue. *See Santillan Quiroz v. Mullin*, __ F.4th __, 2026 WL 1876709 (10th Cir. June 30, 2026). Respondents concede that the relevant facts of the

present case are not materially distinguishable from those in *Galdamez Orellana*, and they therefore acknowledge that the reasoning of that case would also apply here. Thus, pursuant to *Santillan Quiroz*, and for the same reasons set forth in that case and in the Court's opinion in *Galdamez Orellana*, the Court concludes in this case that the Government may not detain petitioner under Section 1225(b)(2)(A), and that it may therefore detain petitioner pending a final removal decision only under Section 1226(a), which allows for release on bond; and that the Government has therefore violated these statutes by refusing to allow for consideration of petitioner's release on bond under Section 1226(a).[1]

In his prayer for relief, petitioner seeks his release, but the Court denies that request. For the same reasons cited by this Court and by the Tenth Circuit, *see Santillan Quiroz*, 2026 WL 1876709, at *17 n.13; *Galdamez Orellana*, 2026 WL 710121, at *3-4, the Court concludes that the most appropriate remedy for this violation is to require that petitioner be granted a bond hearing as if detained under Section 1226(a). Accordingly, the Court orders respondents either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a), at which petitioner's suitability for release on bond is considered on its merits, on or before **July 20, 2026**.[2]

---

[1] In light of this ruling, the Court need not address any claim under due process.

[2] Respondents have not argued or provided evidence that a hearing could not be conducted within this timeframe. Nor have respondents argued that an immigration judge could not conduct a bond hearing for petitioner on the merits. Although this Court lacks jurisdiction to review an immigration judge's denial of release on bond, *see Chen v. Dorneker*, 2021 WL 5769354, at *2 (D. Kan. Dec. 6, 2021) (Lungstrum, J.) (citing 8 U.S.C. § 1226(e)), it would not be precluded from reviewing an immigration judge's refusal to conduct a hearing based the *Yajure Hurtado* decision by the Board of Immigration Appeals.

3

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **granted in part**.  Respondents are ordered either to release petitioner or to ensure that petitioner receives a bond hearing pursuant to 8 U.S.C. § 1226(a) on or before **July 20, 2026**, and they are further ordered to provide notice to this Court when such relief has been given.  The Court denies any request for other relief.

IT IS SO ORDERED.

Dated this 6th day of July, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

4