IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**FILED**
**U.S. District Court**
**District of Kansas**

08/11/2026

**Clerk, U.S. District Court**
**By: SND Deputy Clerk**

KHASAN KURBANOV,                                  )
                                                 )
                      Petitioner,                )
                                                 )
v.                                               )     Case No. 26-3159-JWL
                                                 )
Warden, Midwest Regional Reception Center;       )
MARKWAYNE MULLIN, Secretary,                     )
       Department of Homeland Security; and      )
DAVID VENTURELLA, Acting Director,               )
       Immigration and Customs Enforcement,      )
                                                 )
                      Respondent.                )
                                                 )
                                                 )
_____  )

## MEMORANDUM AND ORDER

By Memorandum and Order of July 6, 2026, the Court granted in part petitioner's habeas petition and ordered that petitioner be granted a bond hearing as if detained under 8 U.S.C. § 1226(a). On July 16, 2026, an immigration judge (IJ) conducted a bond hearing and denied release on bond, finding that petitioner posed a risk of flight. Petitioner has now moved to enforce the Court' prior order, claiming that he was not properly granted a bond hearing as required (Doc. # 6). The Court **denies** the motion.

Petitioner first claims in the motion (which was not verified or supported by evidence) that he was "never given notice" of the scheduled bond hearing date; he then claims that he received "no written notice" of any scheduled hearing, and that he learned of "the matter" only incidentally, not through notice from respondents; and finally he claims that he was called on July 16 and told that a hearing was being held that day, which

call was "the first and only notice I received" of the hearing. He contends that respondents did not comply with the Court's order because he therefore had no opportunity to obtain counsel, prepare for the hearing, or to gather and submit evidence.

These unverified statements are contradicted by respondents' evidence, however. An immigration official states in a sworn declaration that on July 6, after the Court issued its order, a bond hearing was scheduled for July 16; that on July 9 he provided a printed copy of the order for petitioner and also read the order to petitioner while another inmate translated; and that he further notified petitioner that the bond hearing was set for July 16 and that petitioner needed to file any documents for consideration at the hearing. Petitioner does not dispute this evidence in his reply brief. Accordingly, the Court finds that petitioner did receive notice of the bond hearing one week before that hearing, and that he therefore had one week to prepare for that hearing.

Petitioner argues in his reply that he still didn't have enough time to prepare. He also notes that at the hearing he complained to the IJ that he had believed that documents he submitted to this Court would have been submitted to the IJ. The Court concludes, however, that respondents complied with its order to provide a bond hearing as if petitioner were detained under Section 1226(a). Petitioner has not shown that he could not have presented the evidence submitted to this Court also to the IJ, and he has not identified specific evidence that he was unable to present because of the one-week advance notice of the hearing. That conclusion is supported by respondents' proffered account of the hearing (no transcript is yet available), which petitioner does not dispute. At the hearing, petitioner told the IJ that he was prepared to make his presentation at the hearing; he stated that he

2

was prepared to go forward at the hearing without an attorney; he argued his position at the hearing and answered the IJ's questions concerning dangerousness and risk of flight, without ever indicating that he had not had sufficient notice or time to prepare; and when the IJ noted that petitioner had not submitted documents, he did not attempt to describe any documents that he would have submitted.

Petitioner may believe that he should have had even more advance notice of the hearing or that he should have been given an opportunity to submit documents to the IJ after the hearing, and he may raise such issues in an appeal to the Board of Immigration Appeals (BIA) from the IJ's denial of release on bond.  The Court finds, however, that for the purpose of compliance with its order, petitioner had sufficient notice of the hearing and sufficient opportunity to be heard by the IJ at that hearing.  Thus, petitioner has not shown that the hearing failed to satisfy this Court's order or any requirement of due process, and the Court therefore denies the motion.

IT IS THEREFORE ORDERED BY THE COURT THAT petitioner's motion to enforce (Doc. # 6) is hereby **denied**.

IT IS SO ORDERED.

Dated this 11th day of August, 2026, in Kansas City, Kansas.

/s/  John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

3